■ CHARLOTTE LISI et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [803 NYS2d 682]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lifson, J.), entered February 6, 2004, which granted the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it and dismissed the complaint against that defendant, and (2), as limited by their brief, from so much of an order and judgment (one paper) of the same court dated March 4, 2004, as granted that branch of the separate motion of the defendant Melville Fire Department which was for summary judgment dismissing the complaint insofar as asserted against it and dismissed the complaint insofar as asserted against that defendant.

Ordered that the order and judgment entered February 6, 2004, is affirmed; and it is further,

Ordered that the order and judgment dated March 4, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants satisfied their burdens on their separate motions for summary judgment to warrant the court as a matter of law to direct judgment in their favor by demonstrating that the decedent exhibited no signs of life upon their arrival at the decedent's home (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the actions of the defendants diminished the decedent's chances of survival

(*see Zuckerman v City of New York, supra*). The plaintiffs' conclusory assertions that the decedent was alive and that the defendant Melville Fire Department went to the wrong house were unsupported by the record (*see generally Mayer v Mc-Brunigan Constr. Corp.,* 105 AD2d 774 [1984]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.