[952 NE2d 1064, 929 NYS2d 71]

LOUISE DIGIULIO, Individually and as Executrix of ALBERT DI-GIULIO, Deceased, Appellant, v GRAN, INC., Doing Business as NEW YORK HEALTH & RACQUET CLUB, et al., Respondents. (And a Third-Party Action.)

Decided June 14, 2011

APPEARANCES OF COUNSEL

*Decolator, Cohen & DiPrisco*, Garden City (*David S. Gould* of counsel), for appellant.

*Morgan Melhuish Abrutyn,* New York City (*Douglas S. Langholz* of counsel), for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Assuming arguendo that General Business Law § 627-a implicitly created a duty for defendants to use the automated external defibrillator (AED) the section required them to provide at their facility, plaintiff cannot recover because she failed to raise a triable issue of fact demonstrating that defendants' or their employees' failure to access the AED was grossly negligent (*see* General Business Law § 627-a [3]; Public Health Law § 3000-a). Defendants also did not breach any common-law duty to render aid to the decedent.

Plaintiff's remaining contention lacks merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs, in a memorandum.