■ CLARA CALDWELL et al., Appellants, v TWO COLUMBUS AVE-NUE CONDOMINIUM et al., Respondents. (And Other Actions.) [940 NYS2d 15]—

The Condominium defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the actions they took to remedy the water infiltration problems in plaintiffs' condominium unit were taken "in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538 [1990]).

Plaintiffs' private nuisance claim against the Sponsor was properly dismissed since plaintiffs failed to demonstrate that the Sponsor engaged in intentional and unreasonable conduct or that it engaged in abnormally dangerous activities (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977]). To the extent plaintiffs' nuisance claim is based solely

on negligence, it is duplicative of the fourth cause of action. The motion court erred, however, in finding that the Sponsor was entitled to summary judgment on the cause of action for negligent misrepresentation. Plaintiffs established that the sales agent provided incorrect information when he asserted that the water infiltration problems would be resolved when the building was sealed, that they reasonably relied to their detriment on this information when they entered into the contract to purchase the unit, and that there is a question of fact as to whether a special relationship existed between them and the sales agent who they allege was an agent of the Sponsor (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Joseph v NRT Inc.*, 43 AD3d 312 [2007]).

Urban Associates, as managing agent acting on behalf of the condominium, is not liable to plaintiffs, third parties to the management agreement, for nonfeasance (*see Pelton v 77 Park Ave. Condominium*, 38 AD3d 1, 11-12 [2006]), and there is no evidence that the management agreement was so "comprehensive and exclusive" as to entirely displace the condominium board's duty to maintain the premises (*see Clark v Kaplan*, 47 AD3d 462 [2008], *lv denied* 11 NY3d 701 [2008]).

Finally, the court properly granted New York Urban's motion to dismiss the negligence claim against it since it ceased managing the building before plaintiffs closed on the contract of sale and thus, cannot be held liable for any alleged incidents that took place after it no longer managed the building.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 33213(U).]**