RAYFORD WAYNE CHAPPILL, Appellant, v BALLY TOTAL FITNESS CORPORATION, Respondent. [957 NYS2d 101]—

Plaintiff, a member of defendant's health club, suffered a heart attack at the club and was found lying on the floor near a weight training machine. In support of its motion for summary judgment, defendant submitted evidence that club employees immediately called 911, and two employees rushed to plaintiff's side, and checked for a pulse and to see whether or not he was breathing. Those employees, both trained in cardiopulmonary resuscitation (CPR) testified that they did not perform CPR because plaintiff was breathing and therefore it was not appropriate.

The incident occurred prior to enactment of General Business Law § 627-a (1), which requires health clubs to have an automated external defibrillator device (AED) on site, and at

least one individual who holds a valid certification of completion of a course in operation of AEDs and in CPR. Nor was defendant vicariously liable for breaching a common-law duty of care that the employees had assumed by coming to plaintiff's aid as "Good Samaritans." Since the employees were providing emergency medical treatment to plaintiff, they could only have been liable for gross negligence (*see* Public Health Law § 3000-a [1]), conduct not displayed here (*see Digiulio v Gran, Inc.*, 74 AD3d 450 [1st Dept 2010], *affd* 17 NY3d 765 [2011]; *Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993]). Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ. ▌