Hamlin v PFNY, LLC (2020 NY Slip Op 00574)





Hamlin v PFNY, LLC


2020 NY Slip Op 00574


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-00735
 (Index No. 61486/13)

[*1]Jeanine B. Hamlin, etc., appellant-respondent,
v
PFNY, LLC, et al., respondents-appellants.


Charnas Law Firm, P.C., New York, NY (Scott E. Charnas and John V. Decolator of counsel), for appellant-respondent.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Bruce A. Bendix, and Stuart Bodoff of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence and wrongful death, etc., the plaintiff appeals and the defendants cross-appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 14, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action to recover damages for common-law negligence and pursuant to General Business Law § 628, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence, gross negligence, and wrongful death. The order, insofar as cross-appealed from, denied that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Business Law § 628.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the common-law negligence cause of action, and substituting therefor a provision granting that branch of the plaintiff's motion only to the extent of granting partial summary judgment on the issue of the defendants' breach of their limited duty of care to render aid to patrons struck down by heart attack or cardiac arrest, and otherwise denying that branch of the motion, (2) by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and wrongful death, and substituting therefor a provision denying those branches of the defendants' cross motion; and (3) by deleting the provision thereof denying that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Business Law § 628, and substituting therefor a provision granting that branch of the defendants' cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff's decedent was a patron of a Planet Fitness health club, which was owned and operated by the defendants PFNY, LLC, Bay Shore Fitness Group, LLC, and Planet Fitness Holdings, LLC (hereinafter collectively Planet Fitness). While at the health club to exercise, the decedent died after suffering a cardiac arrest in the restroom. In her complaint, the plaintiff [*2]alleges causes of action against Planet Fitness and the defendant Sean Higgins, an employee of Planet Fitness, to recover damages for common-law negligence, gross negligence, wrongful death, and pursuant to General Business Law § 628 predicated upon an alleged violation of General Business Law § 627-a.
The plaintiff moved for summary judgment on the issue of liability on the common-law negligence cause of action and on the cause of action pursuant to General Business Law § 628. The defendants opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint. By order dated December 14, 2016, the Supreme Court denied the plaintiff's motion; granted those branches of the defendants' cross motion which were for summary judgment dismissing the common-law negligence, gross negligence, and wrongful death causes of action; and denied that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Business Law § 628. The plaintiff appeals and the defendants cross-appeal.
The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the common-law negligence cause of action to the extent of granting partial summary judgment on the issue of the defendants' breach of their limited duty of care to render aid to patrons struck down by heart attack or cardiac arrest. In Miglino v Bally Total Fitness of Greater N.Y., Inc. (20 NY3d 342), the Court of Appeals recognized that "New York courts have viewed health clubs as owing a limited duty of care to patrons struck down by a heart attack or cardiac arrest while engaged in athletic activities on premises" (id. at 350). The Court of Appeals has referred to this limited duty as the health club's "common-law duty to render aid" (id. at 351; see Digiulio v Gran, Inc., 17 NY3d 765). A health club fulfills this duty by, for example, calling 911 immediately, responding to the patron and performing CPR or other measures, or responding to the patron and then deferring to someone else with superior medical training (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d at 350-351; Digilulio v Gran, Inc., 74 AD3d 450, 452, affd 17 NY3d 765; Rutnik v Colonie Ctr. Ct. Club, 249 AD2d 873; Putrino v Buffalo Athletic Club, 193 AD2d 1127, 1128, affd 82 NY2d 779).
In support of her motion, the plaintiff submitted the affidavit of Stephanie Dick, a patron of the health club. Dick averred that, while in the locker room bathroom, she heard from an adjacent bathroom stall the sound of a "thud," and saw a "woman's arm drop to the floor followed immediately by a loud snoring sound." She looked into that stall and observed the decedent "apparently passed out." Dick immediately went to the front desk to notify the attendant, Higgins. She told Higgins that "there was a girl passed out in the bathroom and that he should do something about it." Higgins responded that he "didn't know what to do and that he wasn't allowed to go into the ladies' bathroom." He further stated that he was the "only one working there." Dick then offered to return to the bathroom and "try to wake her up."
When Dick returned to the bathroom, she knocked on the stall door and yelled. Another patron in the bathroom then became involved in trying to help the decedent. As Dick was in the bathroom with the decedent, the other patron urged Higgins to call 911. Dick then informed Higgins that she was unable to wake the decedent. Higgins then called 911. While on the phone with the 911 operator, Higgins had difficulty answering questions and eventually passed the phone over to Dick. Dick then provided her personal cell phone number to the 911 operator so that she could speak to her while she went to check on the decedent in the bathroom. Another employee of the health club, Kristin Smith-O'Neill, then entered the bathroom and attended to the decedent. Eventually, a police officer arrived.
The plaintiff also submitted a transcript of Higgins's deposition testimony. Higgins testified that Planet Fitness never trained him regarding what to do if an emergency arose. Higgins testified that, when Dick first approached him, she asked him to call 911, but that he thought he would be "jumping the gun by calling 911 if the girl could be woken if she was asleep." He explained that "it was not uncommon at that point in the night for there to be people who pay memberships who, against the rules . . . fall asleep in the tanning beds or somewhere in the locker room," and he was not sure whether the situation was an emergency. Higgins told Dick that he was [*3]not allowed to be in the women's locker room.
The plaintiff also submitted the affidavit of Smith-O'Neill, who at the time of the incident had been employed by Planet Fitness as a personal trainer. She averred that, at the time of the incident, Higgins was the only employee on duty, and that Higgins was not certified in CPR or AED. She averred that, on the date of the incident, she arrived at Planet Fitness at 5:25 a.m., before her work shift. As she entered the health club, Higgins told her, "There is some girl passed out in the bathroom, can you go in there?" She asked him, "Why didn't you go in there?", to which Higgins shrugged. She then "yelled at [Higgins] to call 911" and then ran to the bathroom. As she was in the bathroom, she saw that Dick was on the phone with a 911 dispatcher. She checked the decedent's pulse, "which appeared weak." She did not hear any breathing or snoring sounds, and the decedent looked pale. She could not lift the decedent from the toilet in order to perform CPR or use an AED. Just as she started speaking with the 911 dispatcher, the police and Emergency Medical Technicians arrived.
The plaintiff submitted a surveillance videotape showing that Dick first approached Higgins at 5:16:50 a.m. Thereafter, the footage shows Higgins just standing at the front desk. At 5:21:13 a.m., after another patron approached him, Higgins picked up the telephone. At 5:28:30 a.m., a police officer arrived, and Higgins then left the front desk to direct the police officer to the bathroom.
Through the submission of the affidavits of Dick and Smith-O'Neill, the deposition testimony of Higgins, and the surveillance videotape, the plaintiff demonstrated, prima facie, that the defendants breached the common-law limited duty to render aid to a patron struck down by a heart attack or cardiac arrest (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d at 350-351; Digiulio v Gran, Inc., 17 NY3d 765). The plaintiff's submissions established that, at the time that the decedent collapsed in the bathroom, Higgins was the only employee on duty, and that he had no training in how to respond to an emergency, and was not certified in CPR or AED. When advised of the incident and asked to call 911 by Dick, Higgins did not immediately call 911 or even go to the bathroom to check on the patron because he believed that he was not allowed to go into the women's locker room. The surveillance footage shows that 4½ minutes transpired between the time that Higgins was informed of the emergency and first asked to call 911, and the time that he actually called 911 upon the urging of a second patron. In opposition, the defendants failed to raise a triable issue of fact as to whether they breached their common-law limited duty to render aid.
Given the conflicting expert affirmations, there exists a triable issue of fact as to whether the defendants' breach of the limited duty to render aid was a proximate cause of the decedent's injuries or death. Where, as here, the plaintiff alleges that the defendants breached a health club's common-law limited duty to render aid, proximate cause may be predicated on the theory that the defendants' failure or delay in rendering such aid diminished the decedent's chance of survival (see D.Y. v Catskill Regional Med. Ctr., 156 AD3d 1003, 1005; Borawski v Huang, 34 AD3d 409, 410; Lisi v County of Suffolk, 22 AD3d 813, 813-814). Here, the experts disagree as to whether, under the circumstances, Higgins's failure or delay in, among other things, calling 911, or to respond to the decedent to administer CPR, deprived the decedent of a chance of resuscitation and caused her harm. Given the triable issue of fact as to proximate cause, we agree with the Supreme Court's determination denying the remainder of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging common-law negligence. Moreover, in light of the triable issues of fact on proximate cause, the court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and wrongful death.
We agree with the Supreme Court's determination granting that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging gross negligence. The defendants demonstrated, prima facie, the absence of any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others (see Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1023). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action pursuant to General Business Law § 628, which was predicated on an alleged violation of General Business Law § 627-a. In Miglino, the Court of Appeals held "that General Business Law § 627-a does not create a duty running from a health club to its members to use an AED required by the provision to be maintained on site" (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d at 349). Since there is no duty to use an AED, the plaintiff's claim that a violation of General Business Law § 627-a caused the decedent injury would be speculative under the circumstances. For this same reason, we agree with the court's denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action pursuant to General Business Law § 628.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court
\