Lisa Goldberg Qualified Personal Residence Trust v Board of Mgrs. of the Madison Sq. Condominium (2020 NY Slip Op 02111)





Lisa Goldberg Qualified Personal Residence Trust v Board of Mgrs. of the Madison Sq. Condominium


2020 NY Slip Op 02111


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11308 161672/14

[*1]The Lisa Goldberg Qualified Personal Residence Trust under agreement dated December 12, 2012, etc., Plaintiff-Appellant,
v
The Board of Managers of the Madison Square Condominium, et al., Defendants-Respondents, Jerome Berard, et al., Defendants.


Kishner Miller Himes, P.C., New York (Elizabeth Tobio of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Jessica Clark of counsel), for The Board of Managers of the Madison Square Condominium and New Bedford Management Corp., respondents.
Quirk & Bakalor, P.C., Garden City (Loretta A. Redmond of counsel), for George Higgins and Ali Reza Momtaz, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about January 17, 2019, which, to the extent appealed from as limited by the briefs, granted defendant Board's motion for summary judgment dismissing the trespass and breach of fiduciary duty claims as against it and granted defendants Higgins and Momtaz's motion for summary judgment dismissing the negligence and trespass claims as against them and the breach of fiduciary duty claim as against Higgins, unanimously modified, on the law, to deny both motions as to the breach of fiduciary duty claims and deny Higgins and Momtaz's motion as to the negligence claim, and otherwise affirmed, with costs.
This case arises from a recurring leak in plaintiff's condominium apartment that was found to emanate from the apartment above, which was owned by board member defendant Higgins and defendant Ali Reza Momtaz. The parties' respective experts determined in 2015 that the leak was caused by an improperly pitched pipe connected to Higgins and Momtaz's toilet, a defective toilet flange connecting the building's pipes to the toilet, and a defective seal around the base of the toilet at the floor. The improperly pitched pipe was repaired and the toilet replaced in 2015, and after the seal around the base of the toilet was repaired in 2017, the leak did not recur.
Higgins's expert's determination that all three defective conditions constituted "common elements" is arguably incorrect under the condominium declaration and bylaws (see also Real Property Law § 339-e[3]). The description of the defective conditions both inside the walls and within Higgins and Momtaz's apartment raises an issue of fact as to whether it is defendant Board or Higgins and Momtaz who are ultimately responsible for the cause of the leak. In light of that, and in view of the evidence that they obstructed the Board's investigation, Higgins and Momtaz are not entitled to summary judgment dismissing the negligence claim as against them.
Nor is Higgins or the Board entitled to the dismissal of the breach of fiduciary duty claim. Although the motion court acknowledged the evidence that Higgins refused access to his apartment while the board on which he sat was tasked with investigating the leaks in plaintiff's apartment, it ruled that Higgins engaged in this conduct only in his individual capacity (see Avramides v Moussa, 158 AD3d 499 [1st Dept 2018]). However, this distinction would [*2]extinguish any potential claim against a board member for breach of fiduciary duty based on self-interest or on tortious acts that were outside the scope of his or her duty as a board member but that impeded the Board's performance of its fiduciary obligations (see Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989]). Given Higgins's admitted refusal to recuse himself from decisions that would affect the investigation, the record presents issues of fact whether Higgins placed his own personal interest in keeping the investigation out of his apartment over plaintiff's interest in a timely investigation and repair of the leaks and whether the Board took appropriate steps to insulate the investigation from Higgins's self-interested involvement and intentional delays (see Barbour v Knecht, 296 AD2d 218, 224-225 [1st Dept 2002]).
The court correctly dismissed the trespass claims for failure to show that defendants performed "an affirmative act constituting or resulting in an intentional intrusion upon plaintiff's property" (Congregation B'Nai Jehuda v Hiyee Realty Corp., 35 AD3d 311, 312 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK