Huang v Fort Greene Partnership Homes Condominium (2024 NY Slip Op 03471)

Huang v Fort Greene Partnership Homes Condominium

2024 NY Slip Op 03471

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-04014
 (Index No. 510501/15)

[*1]Trista Huang, et al., respondents, 
v
Fort Greene Partnership Homes Condominium, et al., appellants, et al., defendant.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for appellants.
Codispoti & Associates, P.C., New York, NY (Bruno F. Codispoti of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, gross negligence, private nuisance, and trespass, the defendants Fort Greene Partnership Homes Condominium, Board of Managers of the Fort Greene Partnership Homes Condominium, and Impact Real Estate Management, Inc., appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 6, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Fort Greene Partnership Homes Condominium, Board of Managers of the Fort Greene Partnership Homes Condominium, and Impact Real Estate Management, Inc., which were for summary judgment dismissing the causes of action alleging gross negligence, trespass, and private nuisance, the cause of action for a permanent injunction, and the demand for punitive damages insofar as asserted against them, and so much of the cause of action alleging negligence as was based on those defendants' failure to properly maintain their water main, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs owned residential property located on Clermont Avenue in Brooklyn (hereinafter the plaintiffs' property). The defendants Fort Greene Partnership Homes Condominium, Board of Managers of the Fort Greene Partnership Homes Condominium, and Impact Real Estate Management, Inc. (hereinafter collectively the defendants), owned and managed condominium units located adjacent to the plaintiffs' property on Clermont Avenue (hereinafter the defendants' property). The plaintiffs' property and the defendants' property were separated by a gated entrance and a concrete walkway into the condominium grounds. On September 27, 2014, the plaintiffs noticed water flowing into their basement through the wall adjacent to the defendants' property. On October 9, 2014, the New York City Department of Environmental Protection (hereinafter the DEP) discovered that the source of the water was the defendants' property and served the defendants on that day with a three-day notice to repair the broken water service line. Water continued to flow into [*2]the basement of the plaintiffs' property until the water main was repaired on October 17, 2014.
Thereafter, the plaintiffs commenced this action against, among others, the defendants, asserting, inter alia, causes of action alleging negligence, gross negligence, private nuisance, and trespass. The complaint sought to recover damages for personal injuries as well as injury to property. The complaint also sought injunctive relief enjoining the defendants from causing any further damage to the plaintiffs' property and directing the defendants to enable the plaintiffs to inspect the defendants' property to ameliorate all defects in connection with the water pipes on the defendants' property. The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. By order dated May 6, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging negligence as was based on the defendants' failure to properly maintain the water main. "A plaintiff may recover in negligence for damages to property when the defendant's failure to maintain real property in a reasonably safe condition proximately caused the plaintiff's damages" (Ravix v Oligario, 170 AD3d 763, 764). A defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Mowla v Baozhu Wu, 195 AD3d 706; Vargas v Lamberti, 186 AD3d 1572, 1573). A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Mowla v Baozhu Wu, 195 AD3d at 706). "When . . . a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Arevalo v Abitabile, 148 AD3d 658, 659 [internal quotation marks omitted]).
Here, with respect to the defendants' alleged failure to properly maintain the water main, the defendants submitted evidence in support of their motion that they neither created nor had actual or constructive notice of the defective condition of the underground water main before they were notified on October 7, 2014, by the plaintiffs that the water flowing onto the plaintiffs' property originated from the defendants' property. The defendants also established that the condition of the underground water main was latent, as the condition could only be observed after multiple excavation pits were dug to locate the ruptured water main. The defendants thus established their prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging negligence as was premised on the defendants' failure to properly maintain the water main. In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the defendants' awareness of a defect in a sewer line did not constitute actual or constructive notice of a defect in the separate water line. The defendants' alleged awareness of moisture and humidity in the plaintiffs' basement nearly three years before the water main break also did not constitute actual or constructive notice of a defect.
However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging negligence as was based on the defendants' failure to timely and properly repair the water main. The defendants first received notice that the leak on the plaintiffs' property originated from a source on their property when the plaintiffs emailed them on October 7, 2014. The defendants received a three-day notice to repair the broken water main from the DEP on October 9, 2014. Documents and deposition testimony submitted by the defendants indicated that they may have delayed repairing the water main by waiting several days to engage a plumber to perform repairs. They also opted not to shut off the water main before the repairs took place, thereby allowing water to continuously flow onto the plaintiffs' property during the pendency of the repairs. Therefore, the defendants failed to eliminate all triable issues of fact as to whether the delay in repairing the leak and the decision to not shut off the water main before the repairs took place caused further damage to the plaintiffs' property.
Moreover, the defendants failed to establish their prima facie entitlement to judgment [*3]as a matter of law on so much of the cause of action alleging negligence as was based on the doctrine of res ipsa loquitur. "For the doctrine of res ipsa loquitur to apply, a plaintiff must establish three conditions: '[f]irst, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff'" (Bicchetti v Atlantic Toyota, 217 AD3d 743, 744, quoting Kambat v St. Francis Hosp., 89 NY2d 489, 494). "The doctrine has been applied to water main breaks and this type of event has frequently been cited as a typical example of a case where the doctrine is commonly applicable" (De Witt Props. v City of New York, 44 NY2d 417, 426 [citations omitted]). Contrary to the defendants' contention, the evidence, including a document showing that the DEP had excavated a patch of land in front of the defendants' property at some point in the past for an unknown reason, did not establish, prima facie, that the defendants lacked exclusive control of the water main (see Kambat v St. Francis Hosp., 89 NY2d at 494). Because the defendants did not establish their prima facie entitlement to judgment as a matter of law on so much of the cause of action alleging negligence as was based on the doctrine of res ipsa loquitur, the burden did not shift to the plaintiffs to raise a triable issue of fact in that regard.
We decline to address the defendants' contention that they were entitled to summary judgment dismissing so much of the cause of action alleging negligence as sought to recover damages for personal injuries insofar as asserted against them, which was not raised in the Supreme Court (see Rodriguez v Sol Goldman Invs., LLC, 115 AD3d 659, 660).
The Supreme Court erred in denying those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging gross negligence and the demand for punitive damages insofar as asserted against them. "To constitute gross negligence, a party's conduct must 'smack[ ] of intentional wrongdoing' or 'evince[ ] a reckless indifference to the rights of others'" (Ryan v IM Kapco, Inc., 88 AD3d 682, 683, quoting Sommer v Federal Signal Corp., 79 NY2d 540, 554). A defendant moving for summary judgment dismissing a cause of action alleging gross negligence must show, prima facie, "the absence of any conduct that could be viewed as so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (Vissichelli v Glen-Haven Residential Health Care Facility, Inc., 136 AD3d 1021, 1023 [internal quotation marks omitted]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging gross negligence and the demand for punitive damages. In support of their motion, the defendants demonstrated that they hired a plumber after receiving the three-day notice from the DEP to perform exploratory digging to locate the source of the leak. The defendants were then presented with two viable repair options by an engineering firm, one of which involved hiring a plumber to perform emergency repairs so as to avoid shutting off the water main for an extended period of time. The defendants' decision to hire a plumber to perform emergency repairs, which was recommended by the engineering firm and was completed within days, was not so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of the plaintiffs (see Hamlin v PFNY, LLC, 179 AD3d 1027, 1031-1032). For the same reasons, the defendants' conduct did not manifest "spite or malice, or a fraudulent or evil motive . . . , or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton," as needed to justify an award of punitive damages (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [internal quotation marks omitted]). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging trespass insofar as asserted against them. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission, or a refusal to leave after permission has been granted but thereafter withdrawn" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 855 [citations omitted]; see Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037). Here, the defendants established, prima facie, that the intrusion of water onto the plaintiffs' property, which was caused by a broken water main, was not intentional (see Lisa Goldberg Qualified Personal Residence Trust v Bd. of Mgrs. of the Madison Sq. Condominium, 181 AD3d 542, 543). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging private nuisance insofar as asserted against them. "A defendant is subject to liability for a private nuisance if the defendant's conduct is a legal cause of the invasion of an interest in the private use and enjoyment of land, and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities" (Chaikin v Karipas, 162 AD3d 842, 843 [internal quotation marks omitted]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570). Here, the defendants established, prima facie, that the invasion of water onto the plaintiffs' property was not intentional (see Caldwell v Two Columbus Ave. Condominium, 92 AD3d 441, 441). There were also no allegations that the leak in the water main was an abnormally dangerous condition. To the extent that the plaintiffs ground the cause of action alleging private nuisance on negligent maintenance or repair of the water main, such a cause of action is duplicative of the cause of action alleging negligence (see Trulio v Village of Ossining, 153 AD3d 577, 579). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action for a permanent injunction insofar as asserted against them. A permanent injunction may issue where the plaintiffs demonstrate that "a violation of a right [is] presently occurring, or threatened and imminent, that [they had] no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in [their] favor" (Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 802 [internal quotation marks omitted]). Here, the plaintiffs sought to enjoin the defendants from causing any further damage to plaintiffs' property and to direct the defendants to enable the plaintiffs to inspect the defendants' property to ameliorate all defects in connection with the water pipes on the defendants' property. The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing this cause of action. The water main was repaired on October 17, 2014. The plaintiffs admitted that the water ceased flowing onto their property on that date and failed to raise a triable issue of fact in that regard. Under these circumstances, there can be no irreparable harm in the absence of a permanent injunction (see Caruso v Bumgarner, 120 AD3d 1174, 1175).
Accordingly, we modify the order insofar as appealed from so as to grant those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging gross negligence, trespass, and private nuisance, the cause of action for a permanent injunction, and the demand for punitive damages insofar as asserted against them, and so much of the cause of action alleging negligence as was based on the defendants' failure to properly maintain their water main.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court