■ SUZANN H. APPLEGATE, Appellant, v LONG ISLAND POWER AUTHORITY et al., Respondents. [862 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated May 14, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a highway maintenance worker, allegedly was injured when, while collecting debris from property owned by the defendant Keyspan Corporation (hereinafter Keyspan), which houses a facility owned and operated by Keyspan and the defendant Long Island Power Authority, she stepped on a utility cover which collapsed under her.

A defendant moving for summary judgment in a personal injury action has the burden of establishing that it did not create the defective condition or have actual or constructive notice

of its existence (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *McKeon v Town of Oyster Bay*, 292 AD2d 574, 575 [2002]). To give rise to constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d at 837). When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed (*see Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]). Here, the defendants established their entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the latent defect which caused the utility cover to collapse. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the defendants created or had actual or constructive notice of the condition that caused her fall (*see Lal v Ching Po Ng*, 33 AD3d at 668; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d at 475; *McKeon v Town of Oyster Bay*, 292 AD2d at 575). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent maintenance of the premises.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.