■ PATRICK BERGIN et al., Appellants-Respondents, v AFSHIN GOLSHANI et al., Respondents-Appellants. [14 NYS3d 98]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Reilly, J.), entered July 22, 2013, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of General Municipal Law § 205-e, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging negligence. Application by the plaintiffs, in effect, to withdraw their appeal on the ground that it has been rendered academic.

Ordered that the application by the plaintiffs, in effect, to withdraw their appeal is granted, and the appeal by the plaintiffs is deemed withdrawn, without costs or disbursements (*see Lincoln v Crystal Apts. Group*, 5 AD3d 355 [2004]; *see also Matter of Mastrangelo v State Council of Parks*, 16 NY2d 540 [1965]; *Matter of Mia M. [Karen M.]*, 114 AD3d 793 [2014]); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

A defendant landowner moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it did not create the alleged defect or have actual or constructive notice thereof (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Wachovsky v City of New York*,

122 AD3d 724, 725 [2014]; *Hoffman v Brown*, 109 AD3d 791 [2013]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendants] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837; *see McMahon v Gold*, 78 AD3d 908 [2010]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see Hoffman v Brown*, 109 AD3d 791 [2013]; *Spindell v Town of Hempstead*, 92 AD3d 669, 671 [2012]; *McMahon v Gold*, 78 AD3d 908 [2010]). In demonstrating that it lacked constructive notice of a visible and apparent defect, "the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff" slipped and fell (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Minor v 1265 Morrison, LLC*, 96 AD3d 1024, 1025 [2012]; *Goodyear v Putnam / Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Arslan v Richmond N. Bellmore Realty, LLC*, 79 AD3d 950 [2010]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655 [2009]).

Here, the deposition testimony of the defendant Afshin Golshani established, prima facie, that the defendants did not create or have actual notice of the allegedly loose piece of slate on the slate stone landing which allegedly caused the plaintiff Patrick Bergin to fall (*see Hines v City of New York*, 43 AD3d 869, 870 [2007]; *Miccio v Bay Shore Union Free School Dist.*, 289 AD2d 542 [2001]). However, in the absence of any evidence as to when the defendants last inspected the landing before the accident (*see Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 598-599), or that the allegedly loose piece of slate on the landing was a latent defect that could not have been discovered upon a reasonable inspection (*cf. Hoffman v Brown*, 109 AD3d at 792; *McMahon v Gold*, 78 AD3d at 910), the defendants failed to establish, prima facie, that they lacked constructive notice of the allegedly loose piece of slate on the landing (*see Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655 [2009]; *Dooley v Dixon*, 154 AD2d 331 [1989]).

In light of the defendants' failure to meet their initial burden, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied that branch

of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.