■ SARA GAUZZA, Appellant, v GBR TWO CROSFIELD AVENUE LIMITED LIABILITY COMPANY et al., Respondents. [20 NYS3d 147]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Walsh, J.), dated September 17, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she fell into a hole in the parking lot located outside of her place of employment, which was in a building situated on property owned by the defendant GBR Two Crosfield Avenue Limited Liability Company (hereinafter GBR) and managed by the defendant Gibraltar Management Company, Inc. (hereinafter Gibraltar). According to the plaintiff's deposition testimony, the incident occurred when the plaintiff, who was a passenger in a coworker's car, returned to work from a coffee break. The plaintiff's coworker parked her vehicle in the same spot in which it had been parked when they had left the parking lot 15 minutes earlier. The plaintiff did not observe a hole either when she got into her coworker's car on their way to get coffee or when she got out of the car when they returned to the parking lot. After stepping out of the car, as the plaintiff was walking towards the building, her whole body was "sucked" into the hole.

The plaintiff commenced this action against GBR and Gibraltar (hereinafter together the defendants) to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"To demonstrate prima facie entitlement to judgment as a matter of law in a premises liability case, a defendant must establish that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that

condition" (*Hoffman v Brown*, 109 AD3d 791, 792 [2013]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *McMahon v Gold*, 78 AD3d 908, 909 [2010]; *Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *Powell v Pasqualino*, 40 AD3d 725 [2007]). To constitute constructive notice, a dangerous condition "must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d at 837; *see Cassidy v City of New York*, 121 AD3d 735 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923, 923 [2014]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of the subject dangerous condition before the incident occurred (*see Sinclair v Chau*, 117 AD3d 713, 714 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.