■ JOHN MONASTIRIOTIS, Appellant, v CATHERINE MONASTIRIOTIS et al., Respondents. [35 NYS3d 265]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 9, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries allegedly sustained by him when he fell down an interior set of stairs at premises owned by the defendants, who are his parents. The premises, located at 74 Quentin Road in Brooklyn, contain two apartments, both located on the second floor. The plaintiff's father lived in one of the apartments. The plaintiff testified at his deposition that, following a visit to his father's apartment, he stepped on the top step in order to descend the staircase, and the step broke, causing him to fall down the staircase. The plaintiff testified that the staircase was constructed of untreated wood which had deteriorated.

After issue was joined and discovery was completed, the de-

fendants moved for summary judgment, contending that they did not have actual or constructive notice of the alleged defective condition, nor did they create the condition. The plaintiff opposed the motion. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

An owner of property has a duty to maintain the property in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233 [1976]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]). In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence (*see Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create or have actual or constructive notice of the subject dangerous condition before the incident occurred (*see Gauzza v GBR Two Crosfield Ave. LLC*, 133 AD3d 710 [2015]; *Kyte v Mid-Hudson Wendico*, 131 AD3d 452, 453 [2015]). There was no contention that the defendants created the condition complained of. In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions are either not properly before this Court or without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.