■ VANESSA GAIRY, Respondent, v 3900 HARPER AVENUE, LLC, et al., Appellants. [45 NYS3d 564]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated December 16, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell as a step on an exterior concrete staircase gave way and broke underneath her. The staircase was located adjacent to the parking garage on premises where she resided. The plaintiff commenced this action against the defendants, the owner and property manager of the premises. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it did not create the alleged dangerous or defective condition or have either actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Rendon v Broadway Plaza Assoc. Ltd. Partnership,* 109 AD3d 975, 976-977 [2013]; *Villano v Strathmore Terrace Homeowners Assn., Inc.,* 76 AD3d 1061, 1061 [2010]; *Molloy v Waldbaum, Inc.,* 72 AD3d 659, 659-660 [2010]; *Gradwohl v Stop & Shop Supermar-*

*ket Co., LLC*, 70 AD3d 634, 636 [2010]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d at 976). "To meet its initial burden on the issue of lack of constructive notice, the defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (*Mavis v Rexcorp Realty, LLC*, 143 AD3d 678, 679 [2016]; *see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 950-951 [2016]; *James v Orion Condo-350 W. 42nd St., LLC*, 138 AD3d 927, 927 [2016]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Schnell v Fitzgerald*, 95 AD3d 1295, 1295 [2012]; *see Lal v Ching Po Ng*, 33 AD3d 668, 668 [2006]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]).

Here, in the absence of any evidence as to when the defendants last inspected the subject staircase before the accident, or that the condition of the step was a latent defect that could not have been discovered upon a reasonable inspection, the defendants failed to establish, prima facie, that they lacked constructive notice of the allegedly defective condition of the subject step (*see Bergin v Golshani*, 130 AD3d 767, 768 [2015]). Moreover, to meet their prima facie burden, the defendants could not rely upon affidavits which were submitted for the first time with their reply papers (*see Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 525 [2012]; *David v Bryon*, 56 AD3d 413, 414-415 [2008]). In light of the defendants' failure to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.