SECOND DEPARTMENT, MARCH, 2017

(March 1, 2017)

■ JOSE G. AREVALO, Appellant, v JOHN ABITABILE, Respondent. [48 NYS3d 506]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Iannacci, J.), entered October 29, 2015, which, upon an order of the same court entered August 13, 2015, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when he stepped on a sharp object in a pachysandra-covered area of the defendant's property. It is undisputed that the object was concealed under the pachysandra. In this action, the plaintiff contends that the defendant was negligent in permitting the dangerous condition to exist on his property. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, judgment was entered, and the plaintiff appeals.

A landowner "has a duty to maintain his or her premises in a reasonably safe condition" (*Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). In determining the extent of that duty, the court must take into account circumstances including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 14 [2011]; *see also Rossal-Daub v Walter*, 97 AD3d 1006, 1007 [2012]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that . . . the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Walsh v Super Value, Inc.*, 76 AD3d at 375). A defendant is deemed to have had constructive notice of a defect when (1) the defect was visible and apparent, and (2) existed long enough for the defendant to have discovered and remedied it before the plaintiff was injured (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]). When, however, "a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (*Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see Kane v Peter M. Moore Constr. Co., Inc.*, 145 AD3d 864 [2016]; *McMahon v Gold*, 78 AD3d 908, 909 [2010]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004];

*Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]). In moving for summary judgment on the ground that the alleged defect was latent, a defendant must establish, prima facie, that the defect was indeed latent—i.e., that it was not visible or apparent and would not have been discoverable upon a reasonable inspection—and also that he or she did not affirmatively create the defect and did not have actual notice of it (*see Gray v City of New York*, 87 AD3d 679, 680 [2011]; *Hoover v International Bus. Machs. Corp.*, 35 AD3d 371, 372 [2006]).

Here, the defendant met his prima facie burden of establishing that he lacked constructive notice of the allegedly dangerous condition by establishing that the existence of the sharp object would not have been discoverable upon a reasonable inspection of the area where the plaintiff was injured (*see Doxey v Freeport Union Free Sch. Dist.*, 115 AD3d 907, 908-909 [2014]). In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see id.* at 909). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.