Fields v New York City Hous. Auth. (2020 NY Slip Op 04922)





Fields v New York City Hous. Auth.


2020 NY Slip Op 04922


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-08007
 (Index No. 30593/10)

[*1]Cicely Fields, respondent, 
v
New York City Housing Authority, appellant.


Herzfeld & Rubin, P.C., New York, NY (Linda M. Brown of counsel), for appellant.
Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated May 23, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the afternoon of May 25, 2010, the plaintiff allegedly stepped onto a curb within the defendant's exterior grounds when the curb broke and caused her to fall. The plaintiff thereafter commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court denied the motion. The defendant appeals.
In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938; Monastiriotis v Monastiriotis, 141 AD3d 510, 511). Here, the defendant established, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence (see generally Gauzza v GBR Two Crosfield Ave. LLC, 133 AD3d 710; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d 776). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court