Vargas v Lamberti (2020 NY Slip Op 05082)





Vargas v Lamberti


2020 NY Slip Op 05082


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-13347
 (Index No. 150856/15)

[*1]Angel Vargas, respondent,
v
Jacqueline E. Lamberti, et al., appellants.


Shearer PC, Locust Valley, NY (Mark G. Vaughan of counsel), for appellants.
The Dearie Law Firm, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated August 9, 2017. The order denied their motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 29, 2015, the plaintiff, an experienced HVAC technician, went to the home of the defendants to perform routine maintenance on two air conditioning units in their unfinished attic. While working in the attic, the plaintiff allegedly grabbed a board measuring 2 inches by 4 inches that ran vertically from the roof to a wooden joist. The board shifted, causing the plaintiff to lose his balance and, in an area of the attic where there was no flooring, step down between the joists and through the sheetrock that served as the ceiling of the floor below.
The defendants testified that they purchased the subject house in 2011 and used the attic for seasonal storage. The defendant Ralph J. Lamberti (hereinafter Ralph) testified that the board in question had been installed prior to the defendants' purchase of the home. Ralph testified that he had personally made improvements to the attic, which included laying down plywood to increase the attic's usable floor area. Ralph testified that, after the accident, he observed the board attached only at the ceiling and not at the floor.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, that the defendants created and/or had actual or constructive notice of the dangerous condition that caused his injuries, namely the "loose roof brace." After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground, among other things, that they did not create or have notice of the condition alleged. The Supreme Court denied their motion, and the defendants appeal.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560; see Walsh v Super Value, Inc., 76 AD3d 371, 375). A defendant has constructive notice of a dangerous or defective [*2]condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).
Here, the defendants failed to meet their prima facie burden for summary judgment, as they failed to establish that the alleged dangerous condition did not exist for a sufficient length of time to afford them a reasonable opportunity to discover and remedy it (see Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 938). Further, the defendants failed to establish that the alleged dangerous condition was latent, as they failed to demonstrate that it would not have been discoverable upon a reasonable inspection (see McMahon v Gold, 78 AD3d 908, 909).
Additionally, the defendants failed to establish that the type of occurrence that brought about the plaintiff's alleged injury was "so extraordinary in nature that [it] would not suggest [itself] to a reasonably careful and prudent person as [an] occurrence[ ] which should be guarded against" (Freeman v Cobos, 240 AD2d 698, 699). "Liability for injuries that occur on remote or rarely frequented parts of the premises depends upon whether plaintiff's presence was foreseeable in light of the frequency of the use of the area where the injuries were sustained and is generally a question for the jury" (NY PJI 2:90.1). The defendants failed to establish, as a matter of law, that it was unforeseeable that a person in their attic, such as an HVAC repair person, would use the subject vertical board for support where no flooring was in place (see Deschamps v Timberwolf Tree & Tile Serv., 172 AD3d 1308, 1310; Tracey v Lord Baltimore Capital Corp., 298 AD2d 383, 383).
Accordingly, since the defendants failed to meet their prima facie burden for summary judgment, their motion should have been denied without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court