Mowla v Baozhu Wu (2021 NY Slip Op 03582)





Mowla v Baozhu Wu


2021 NY Slip Op 03582


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-13573
 (Index No. 502414/18)

[*1]Rafiquil Mowla, MD, respondent, 
v
Baozhu Wu, appellant.


James F. Butler & Associates, Jericho, NY (Nancy S. Goodman of counsel), for appellant.
Martin L. Ginsberg, P.C., Kew Gardens, NY (Susan R. Nudelman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 23, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 20, 2017, the plaintiff, while working at a single-family residence owned by the defendant, was climbing up an extension ladder in order to gain access to the roof of a garage so as to clean various brick columns located thereon. He reached out with his right hand and attempted to grab a brick column in order to facilitate his movement onto the roof when the brick column fell apart, he lost his balance, and fell to the ground.
The plaintiff subsequently commenced the instant action against the defendant to recover damages for personal injuries alleging causes of action sounding in Labor Law §§ 240(1) and 200, as well as common-law negligence. After joinder of issue, the defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that he did not create the alleged defective condition of the brick column on the roof of his garage which allegedly caused the plaintiff's accident, nor did he have actual or constructive notice of its existence. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action, but denied those branches which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. The defendant appeals.
Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Bender v Cemetery of the Holy Rood, 129 AD3d 754, 755). Indeed, "[a] landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood [*2]of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]). In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938; see also Monastiriotis v Monastiriotis, 141 AD3d 510, 511). A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Vargas v Lamberti, 186 AD3d 1572, 1573).
Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; Brown v Brause Plaza, LLC, 19 AD3d 626, 628; see also Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854). There are "two broad categories of actions that implicate the provisions of Labor Law § 200" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51; see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719). The category which is relevant to this appeal involves injuries to workers arising out of alleged dangerous or defective conditions on the premises where the work is performed, as was alleged in the case here (see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719; Grasso v New York State Thruway Auth., 159 AD3d 674, 678; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Chowdhury v Rodriguez, 57 AD3d 121, 128). In those circumstances, "[f]or liability to be imposed on the property owner, there must be evidence showing that the property owner either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action, as he failed to establish that the alleged dangerous condition did not exist for a sufficient length of time to afford him a reasonable opportunity to discover and remedy it (see Vargas v Lamberti, 186 AD3d at 1573). Further, the defendant failed to establish that the alleged dangerous condition was latent (see id.).
The defendant's remaining contention is without merit.
Accordingly, since the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action, the Supreme Court properly denied those branches of his motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the plaintiff's remaining contention.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court