Mermelstein v Campbell Fitness NC, LLC (2022 NY Slip Op 00419)





Mermelstein v Campbell Fitness NC, LLC


2022 NY Slip Op 00419


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2020-01759
 (Index No. 34849/17)

[*1]Linda Mermelstein, appellant,
v
Campbell Fitness NC, LLC, etc., respondent.


Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 23, 2020. The order granted the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is denied.
On March 27, 2017, the plaintiff was exercising at the defendant's fitness center when the treadmill she was using allegedly spontaneously accelerated, causing her to fall off the treadmill and sustain personal injuries. The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging that the defendant was negligent in, among other things, maintaining the premises and the subject treadmill. After discovery, the defendant moved for summary judgment dismissing the amended complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., Inc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Mowla v Baozhu Wu, 195 AD3d 706). "A landowner has a duty to exercise reasonable care in maintaining [its] property in a
safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; Mowla v Baozhu Wu, 195 AD3d at 706).
In moving for summary judgment, a defendant has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of it (see Mowla v Baozhu Wu, 195 AD3d at 706; Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938; see also Monastiriotis v Monastiriotis, 141 AD3d 510, 511). The issue of whether a dangerous or defective condition exists depends on the facts of each case, and is generally a question of fact for the jury (see Trincere v County of Suffolk, 90 NY2d 976, 977).
A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Mowla v Baozhu Wu, 195 AD3d at 706; Vargas v Lamberti, 186 AD3d 1572, 1573). To meet its initial burden on the issue of lack of constructive notice of an alleged defective condition, a defendant must offer some evidence as to when the subject area was last inspected relative to the time when the incident occurred (see Fortune v Western Beef, Inc., 178 AD3d 671; Radosta v Schechter, 171 AD3d 1112, 1113).
Contrary to the Supreme Court's determination, the defendant failed to establish, prima facie, that it lacked either actual or constructive notice of the alleged dangerous or defective condition of the subject treadmill. In support of its motion, the defendant relied upon, inter alia, the deposition testimony of the plaintiff. As to actual notice, the plaintiff testified at her deposition that she complained to a front desk employee of the defendant several days prior to the subject accident that the subject treadmill had spontaneously accelerated while the plaintiff was using it, causing her to quickly get off the machine. No inspection or maintenance records for the subject treadmill were submitted by the defendant in support of its motion. While the defendant submitted the deposition testimony of one of its owners, who testified that the defendant never received any complaints about the subject treadmill spontaneously accelerating at any time prior to the subject accident, this merely raised a question of fact, as well as an issue of credibility, that should be decided by the trier of fact. Thus, the defendant failed to establish, prima facie, that it did not have actual notice of the condition alleged regarding the subject treadmill.
As to constructive notice, although the defendant relied upon the deposition testimony of one of its owners regarding the defendant's general practice of testing and inspecting exercise equipment once a week, it failed to present any specific evidence as to when the subject treadmill was last inspected relative to the subject accident. In fact, this owner testified at his deposition that he did not know when the subject treadmill was last inspected relative to the accident. Mere reference to general practices, without evidence regarding any specific inspection of the equipment in question, is insufficient to establish lack of constructive notice (see Fortune v Western Beef, Inc., 178 AD3d at 671; Radosta v Schechter, 171 AD3d at 1113). Thus, the defendant failed to establish, prima facie, that the condition alleged did not exist for a sufficient period of time to allow it to discover and remedy that condition.
Further, the evidence relied upon by the defendant in support of its motion failed to establish, prima facie, that no dangerous or defective condition of the kind alleged by the plaintiff existed with respect to the subject treadmill (cf. Han Bin Hu v Bravo Food, Inc., 170 AD3d 818, 819; Fuentes v Theodore, 164 AD3d 560, 561).
Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint, it is not necessary to consider the sufficiency of the opposition papers submitted by the plaintiff (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court