Buffalino v XSport Fitness (2022 NY Slip Op 00998)





Buffalino v XSport Fitness


2022 NY Slip Op 00998


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-06688
 (Index No. 604582/17)

[*1]Maddalena Buffalino, appellant,
v
XSport Fitness, et al., respondents.


Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Patricia A. Carbone and Dana M. Ricci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered May 1, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On Sunday, May 1, 2016, at approximately 7:00 p.m., the plaintiff allegedly sustained personal injuries while exercising on an elliptical machine in a gym owned by the defendants. The plaintiff alleges that the left arm and foot pedal of the machine detached, "hinged out," and caused her to be thrusted off the machine. The plaintiff commenced the instant action against the defendants. In an order entered May 1, 2019, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and the plaintiff appeals.
Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., Inc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Mowla v Baozhu Wu, 195 AD3d 706). "A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; see Mowla v Baozhu Wu, 195 AD3d at 706).
In moving for summary judgment, a defendant has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of it (see Mowla v Baozhu Wu, 195 AD3d at 706; Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 938; see also Monastiriotis v Monastiriotis, 141 AD3d 510, 511).
A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Mowla v Baozhu Wu, 195 AD3d at 706; Vargas v Lamberti, 186 AD3d 1572, 1573). To meet its initial burden on the issue of lack of constructive notice of an alleged defective condition, a defendant must offer evidence as to when the subject area was last inspected relative to the time when the incident occurred (see Fortune v Western Beef, Inc., 178 AD3d 671; Radosta v Schechter, 171 AD3d 1112, 1113). "When . . . 'a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed'" (Arevalo v Abitabile, 148 AD3d 658, 659, quoting Applegate v Long Is. Power Auth., 53 AD3d 515, 516). "In moving for summary judgment on the ground that [a] defect was latent, a defendant must establish, prima facie, that the defect was indeed latent—i.e., that it was not visible or apparent and would not have been discoverable upon a reasonable inspection" (Arevalo v Abitabile, 148 AD3d at 660).
Contrary to the Supreme Court's determination, the defendants failed to show, prima facie, that they lacked constructive notice of the alleged defective condition of the elliptical machine, or that such condition was a latent defect that could not have been discovered upon a reasonable inspection. Although the defendants submitted a transcript of deposition testimony from their employee regarding the defendants' general practice of testing exercise equipment each weekday, they failed to present any specific evidence as to when the subject elliptical machine was last inspected relative to the subject incident. Mere reference to general practices, with no evidence regarding any specific inspection of the equipment in question, is insufficient to establish lack of constructive notice (see Fortune v Western Beef, Inc., 178 AD3d 671; Radosta v Schechter, 171 AD3d at 1113). Moreover, the defendants failed to establish, prima facie, that the alleged dangerous condition of the elliptical machine constituted a latent defect that could not have been discovered upon a reasonable inspection (see Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939; Bergin v Golshani, 130 AD3d 767, 768).
The defendants also failed to make a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk. Under that doctrine, a voluntary participant in a sporting or recreational activity is deemed to consent to those "commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it," including less than optimal conditions (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893; Sykes v County of Erie, 94 NY2d 912; Simone v Doscas, 142 AD3d 494; Joseph v New York Racing Assn., 28 AD3d 105, 107).
However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport or recreational activity (see Custodi v Town of Amherst, 20 NY3d at 88; Morgan v State of New York, 90 NY2d at 485; M.P. v Mineola Union Free Sch. Dist., 166 AD3d at 954). Here, the risk of the left arm and foot pedal of an elliptical machine detaching or hinging out is not inherent in the recreational activity of exercising on an elliptical machine in a gym. Rather, the alleged defective condition of the elliptical machine enhanced the risk of injuries (see Morgan v State of New York, 90 NY2d at 488-489; Owen v R.J.S. Safety Equip., 79 NY2d 967, 970; Alqurashi v Party of Four, Inc., 89 AD3d 1047, 1047-1048; Fithian v Sag Harbor Union Free School Dist., 54 AD3d 719).
Accordingly, the Supreme Court should have denied the defendants' motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court