Nelson v AMF Bowling Ctrs., Inc. (2022 NY Slip Op 04030)

Nelson v AMF Bowling Ctrs., Inc.

2022 NY Slip Op 04030

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-10365
 (Index No. 604926/17)

[*1]Judi Nelson, appellant,
v
AMF Bowling Centers, Inc., respondent.

Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman and Mark C. Kujawski of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated August 5, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when her shoe or sock caught a splintered area of flooring while bowling at the defendant's bowling alley in West Babylon. In an order dated August 5, 2019, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
"In a premises liability case, a defendant landowner moving for summary judgment has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (Mowla v Baozhu Wu, 195 AD3d 706, 707; see Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331). "A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Mowla v Baozhu Wu, 195 AD3d at 707; see Gordon v American Museum of Natural History, 67 NY2d 836; Vargas v Lamberti, 186 AD3d 1572, 1573). "In order to meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (Campbell v New York City Tr. Auth., 109 AD3d 455, 456; see Matson v Dermer Mgt., Inc., 200 AD3d 772; Falco-Averett v Wal-Mart Stores, Inc., 174 AD3d 506, 507). "'When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed'" (Hayden v 334 Dune Rd., LLC, 196 AD3d 634, 635, quoting Schnell v Fitzgerald, 95 AD3d 1295, 1295; see Arevalo v Abitabile, 148 AD3d 658, 660).
Here, the defendant established its prima facie entitlement to judgment as a matter [*2]of law dismissing the complaint by submitting evidence that it did not have actual or constructive notice of the alleged dangerous condition of the flooring. The evidence submitted by the defendant established that the defect in the flooring was latent, and that the flooring had been inspected by both an employee of the defendant and another bowler prior to the accident, neither of whom noticed the defect (see Matson v Dermer Mgt., Inc., 200 AD3d 772; Arevalo v Abitabile, 148 AD3d at 660; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 474-475). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court