Lyman v Cablevision of Ossining Ltd. Partnership (2023 NY Slip Op 02116)

Lyman v Cablevision of Ossining Ltd. Partnership

2023 NY Slip Op 02116

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-01613
 (Index No. 52300/17)

[*1]Richard Lyman, plaintiff-respondent-appellant,
v
Cablevision of Ossining Limited Partnership, respondent, Manzer's Landscape Design & Development, Inc., defendant-respondent-appellant, Woods III in Westchester Homeowners Association, Inc., appellant-respondent.

Black Marjieh & Sanford, LLP, Elmsford, NY (Sheryl A. Sanford of counsel), for appellant-respondent.
Law Offices of Francis X. Young, PLLC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Joshua Block], of counsel), for plaintiff-respondent-appellant.
Braff, Harris, Sukoneck & Maloof, New York, NY (Terrence M. McNamara of counsel), for defendant-respondent-appellant.
Newman Myers Kreines Harris, P.C., New York, NY (Ian F. Harris and Stephen N. Shapiro of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Woods III in Westchester Homeowners Association, Inc., appeals, and the plaintiff and the defendant Manzer's Landscape Design & Development, Inc., separately cross-appeal, from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated January 24, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendant Woods III in Westchester Homeowners Association, Inc., which was for summary judgment dismissing the first amended complaint insofar as asserted against it. The order, insofar as cross-appealed from by the plaintiff, granted that branch of the cross-motion of the defendant Cablevision of Ossining Limited Partnership which was for summary judgment dismissing the first amended complaint insofar as asserted against it. The order, insofar as cross-appealed from by the defendant Manzer's Landscape Design & Development, Inc., denied that branch of its cross-motion which was for summary judgment dismissing the cross-claims asserted against it by the defendant Woods III in Westchester Homeowner's Association, Inc.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from by the plaintiff, on the law, and that branch of the cross-motion of the defendant Cablevision of Ossining Limited Partnership which was for summary judgment dismissing the first amended complaint insofar as asserted against it is denied; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from by the defendant Manzer's Landscape Design & Development, Inc., on the law, and that branch of that defendant's cross-motion which was for summary judgment dismissing the cross-claims asserted against it by the defendant Woods III in Westchester Homeowner's Association, Inc., is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants Woods III in Westchester Homeowners Association, Inc., and Cablevision of Ossining Limited Partnership, and one bill of costs is awarded to the defendant Manzer's Landscape Design & Development, Inc., payable by the defendant Woods III in Westchester Homeowners Association, Inc.
In November 2016, the plaintiff allegedly was injured when he tripped and fell on an exposed cable wire located in a flower bed outside of a condominium unit located in Peekskill. The plaintiff, who at the time of the accident was a field technician for nonparty Verizon, was conducting a service call when the accident occurred. The defendant Cablevision of Ossining Limited Partnership (hereinafter Cablevision), allegedly owned the cable wire over which the plaintiff tripped and fell. The defendant Woods III in Westchester Homeowners Association, Inc. (hereinafter Woods III), was the homeowners' association for the condominium complex in which the subject unit was located. The defendant Manzer's Landscape Design & Development, Inc. (hereinafter Manzer's), was under contract with Woods III to perform landscape work on the premises.
The plaintiff commenced this action to recover damages for personal injuries against Cablevision, Woods III, and Manzer's, among others. Woods III moved, inter alia, for summary judgment dismissing the first amended complaint insofar as asserted against it on the grounds that the allegedly dangerous condition was latent and that Woods III did not create or have notice of any such condition. Cablevision cross-moved, among other things, for summary judgment dismissing the first amended complaint insofar as asserted against it on the ground, among others, that it did not create the allegedly dangerous condition. Manzer's cross-moved, inter alia, for summary judgment dismissing the cross-claims asserted against it by Woods III for common-law indemnification, contribution, contractual indemnification, and alleging breach of contract for failure to procure insurance coverage.
By order dated January 24, 2020, the Supreme Court, inter alia, denied that branch of Woods III's motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it, granted that branch of Cablevision's cross-motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it, and denied that branch of the cross-motion of Manzer's which was for summary judgment dismissing the cross-claims insofar as asserted against it by Woods III. Woods III appeals, and the plaintiff and Manzer's separately cross-appeal, from stated portions of the order.
Under the common law, a property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Mowla v Baozhu Wu, 195 AD3d 706). "A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; see Mowla v Baozhu Wu, 195 AD3d at 706).
In moving for summary judgment, a defendant has the burden of establishing, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of it (see Buffalino v XSport Fitness, 202 AD3d 902, 902-903; Mowla v Baozhu Wu, 195 AD3d at 706; Fields v New York City Hous. Auth., 186 AD3d 1330, 1330-1331). A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Buffalino v XSport Fitness, 202 AD3d at 903; Mowla v Baozhu Wu, 195 AD3d at 706). To meet its initial burden on [*2]the issue of lack of constructive notice of an alleged defective condition, a defendant must offer evidence as to when the subject area was last inspected relative to the time when the incident occurred (see Buffalino v XSport Fitness, 202 AD3d at 903; Fortune v Western Beef, Inc., 178 AD3d 671; Radosta v Schechter, 171 AD3d 1112, 1113). "When . . . 'a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed'" (Arevalo v Abitabile, 148 AD3d 658, 659, quoting Applegate v Long Is. Power Auth., 53 AD3d 515, 516; see Buffalino v XSport Fitness, 202 AD3d at 903).
"In moving for summary judgment on the ground that [a] defect was latent, a defendant must establish, prima facie, that the defect was indeed latent—i.e., that it was not visible or apparent and would not have been discoverable upon a reasonable inspection" (Arevalo v Abitabile, 148 AD3d at 660; see Buffalino v XSport Fitness, 202 AD3d at 903). "[T]he issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question" (Tagle v Jakob, 97 NY2d 165, 169; Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d 697, 698; Graffino v City of New York, 162 AD3d 990, 991).
Here, the evidence proffered in support of Woods III's motion, which included, inter alia, various photographs taken by the plaintiff immediately after the accident, as well as a transcript of the plaintiff's deposition testimony, failed to establish, prima facie, that the condition over which the plaintiff tripped and fell on the date of the accident amounted to a latent defect or condition or one that could not have been discovered upon a reasonable inspection (see Buffalino v XSport Fitness, 202 AD3d at 904; Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939; Bergin v Golshani, 130 AD3d 767, 768). Moreover, the evidence submitted in support of Woods III's motion failed to establish, prima facie, that Woods III lacked constructive notice of the condition alleged (see Buffalino v XSport Fitness, 202 AD3d at 903; Fortune v Western Beef, Inc., 178 AD3d at 671; Radosta v Schechter, 171 AD3d at 1113).
Accordingly, the Supreme Court properly denied that branch of Woods III's motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Toner v Trader Joe's E., Inc., 209 AD3d 690; Smith v 4 Empire Mgt. Group, Inc., 208 AD3d 811, 812; Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). The existence of one or more of these elements is sufficient to give rise to a duty of care (see Donatien v Long Is. Coll. Hosp., 153 AD3d 600; Clifford v Woodlawn Volunteer Fire Co., Inc., 31 AD3d 1102, 1103). Where none is present, "[generally] a party cannot be held liable for injuries caused by the [allegedly] defective condition" (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820 [internal quotation marks omitted]; see Smith v 4 Empire Mgt. Group, Inc., 208 AD3d at 812; Donatien v Long Is. Coll. Hosp., 153 AD3d at 600-601). However, liability can also be imposed upon a party that creates a dangerous or defective condition (see Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 830; Warren v Wilmorite, Inc., 211 AD2d 904, 905).
Cablevision, in support of its cross-motion, failed to establish that it did not own, install, control, or service the cable wire at issue. Moreover, the evidence proffered in support of its cross-motion, which included, inter alia, a transcript of the deposition testimony of Cablevision's director of operations for field service, failed to eliminate all triable issues of fact as to whether an employee or an agent of Cablevision created the allegedly dangerous condition as a result of prior service calls to the subject condominium unit that occurred in 2012 and 2014 (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Cablevision's submissions failed to establish, as a matter of law, that anyone who was sent to the subject premises in relation to those service calls in 2012 and 2014 was an independent contractor (see Roger v Homestead Renovations, LLC, 119 AD3d 668, 669).
Accordingly, the Supreme Court should have denied that branch of Cablevision's [*3]cross-motion which was for summary judgment dismissing the first amended complaint insofar as asserted against it, without regard to the sufficiency of the papers submitted in opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
With respect to the cross-appeal by Manzer's, since the Supreme Court granted that branch of the cross-motion of Manzer's which was for summary judgment dismissing the first amended complaint insofar as asserted against it on the ground, among others, that it owed no duty to the plaintiff, the court also should have granted those branches of the cross-motion of Manzer's which were for summary judgment dismissing Woods III's cross-claims for common-law indemnification and contribution insofar as asserted against it.
The Supreme Court also should have granted that branch of the cross-motion of Manzer's which was for summary judgment dismissing Woods III's cross-claim for contractual indemnification. "[T]he right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999-1000 [internal quotation marks omitted]; see Gurewitz v City of New York, 175 AD3d 658, 664; O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645). Based on the language of the maintenance contract that existed between Woods III and Manzer's on the date of the accident, as well as the other evidence submitted in support of the cross-motion of Manzer's, Manzer's established, prima facie, that Woods III was not entitled to contractual indemnification. In opposition to that prima facie showing, Woods III failed to raise a triable issue of fact.
Moreover, the Supreme Court also should have granted that branch of the cross-motion of Manzer's which was for summary judgment dismissing Woods III's cross-claim alleging breach of contract for failure to provide insurance coverage insofar as asserted against it (see Georges v Resorts World Casino N.Y. City, 189 AD3d 1549).
The remaining contentions of Cablevision and Manzer's are without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court